IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LEAH LYNN RIO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL HEALTH CORPORATION ) <br> d/b/a NHC HomeCare, ) <br> ) <br> Defendant. ) | No. _____ <br> JURY DEMAND |

## COMPLAINT

For her Complaint against defendant National Health Corporation d/b/a NHC HomeCare ("defendant"), plaintiff Leah Lynn Rio ("plaintiff") states:

### PARTIES

1. Plaintiff is a resident of Rutherford County, Tennessee and a former employee of defendant.

2. Defendant National Health Corporation is a Tennessee corporation with its principal place of business at 100 Vine Street, Suite 1400, Murfreesboro, Tennessee 37130. Defendant does business as NHC HomeCare and can be served through its registered agent, National Registered Agents, Inc., 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929-9710.

3. Defendant operates a for-profit health care business within the Middle District of Tennessee and employed plaintiff there. At all relevant times, defendant employed more than 15 individuals, including plaintiff.

## JURISDICTION AND VENUE

4. This is an action for damages and equitable relief for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, ("Title VII") and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq.* ("THRA"). The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

5. Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and has received the attached Notices of Right to Sue ("Notices") from the EEOC.

## FACTS

6. Plaintiff was employed by defendant as a physical therapist from June 2011 until June 4, 2013.

7. In February 2013, defendant reassigned plaintiff from its nursing home business and assigned her to work part of her time at its home health business.

8. Beginning on March 4, 2013, defendant assigned plaintiff to work completely at its home health business.

9. After plaintiff began working at defendant's home health business, defendant began to discriminate against her because of her race (Asian) and national origin (Filipino) with respect to the terms, conditions and privileges of employment.

10. Defendant scheduled plaintiff to less-desirable assignments and shifts than similarly situated non-Asian or Filipino employees.

11. Defendant scheduled plaintiff to work every weekend when it did not do so to similarly situated non-Asian or Filipino employees.

12. When plaintiff complained to defendant about defendant's discriminatory treatment of her, defendant began to retaliate against plaintiff.

13. After complaining about defendant's discriminatory scheduling, defendant called plaintiff and defendant's other therapists to a meeting and singled out plaintiff because of her race and national origin.

14. On May 3, 2013, plaintiff filed an initial charge of discrimination with the EEOC complaining about the discriminatory treatment she was experiencing in her work.

15. On May 29, 30 and 31, 2013, plaintiff was sick and unable to work and she notified defendant that she was unable to work on those days.

16. Despite the fact that plaintiff had notified defendant that she was sick and could not work on these days, defendant reprimanded plaintiff on June 3, 2013 for being a "no call-no show."

17. Defendant did not reprimand similarly situated non-Asian or Filipino employees who missed work when they were sick.

18. Defendant did not reprimand similarly situated non-Asian or Filipino employees who missed work without calling in their absence in advance.

19. As a result of defendant's discriminatory and retaliatory treatment of plaintiff, plaintiff turned in her two-week notice on June 3, 2013, the day defendant wrongly reprimanded her for being a "no call-no show."

20. The next day, June 4, 2013, defendant told plaintiff that she could not work out her two-week notice and escorted her from her worksite.

21. Defendant permitted its similarly situated non-Asian or Filipino employees to work out their notices and did not escort them from the worksite.

22. Defendant discriminated against plaintiff with respect to the terms, conditions and privileges of employment and constructively discharged plaintiff because of her race and national origin and/or her complaining about and opposing defendant's unlawful conduct. Defendant's actions were in violation of Title VII and the THRA.

23. Defendant created, allowed and failed to remedy a hostile work environment based on race and national origin that altered plaintiff's working conditions. Defendant's actions were in violation of Title VII and the THRA.

24. As a direct result of defendant's actions, plaintiff has suffered damages.

25. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred.

26. As a result of its actions, defendant is liable for punitive damages and for plaintiff's attorneys' fees.

27. As a result of its actions, defendant is obligated to make plaintiff whole for all lost earnings and benefits.

**Claim for Race and National Origin Discrimination, Racially and National Origin Hostile Work Environment, and Retaliation in Violation of Federal and Tennessee Law**

28. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 26 herein.

29. Defendant discriminated against plaintiff in the terms, conditions and privileges of her employment and discharged plaintiff from her employment because of her race or national origin in violation of Title VII and the THRA.

30. Defendant created, allowed and failed to remedy a racially and national origin hostile work environment that altered plaintiff's working conditions in violation of

Title VII and the THRA.

31. Defendant retaliated against plaintiff and discharge plaintiff from her employment because of her opposition to defendant's racially and national origin offensive, inappropriate and unlawful actions in violation of Title VII and the THRA.

32. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for punitive damages.

33. As a result of its actions, defendant is liable for plaintiff's attorneys' fees.

34. As a result of its actions, defendant is obligated to make plaintiff whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. A jury trial and entry of judgment in her favor;

2. Back pay and damages for lost benefits;

3. Compensatory damages for embarrassment and humiliation, emotional pain and suffering and mental anguish, stress and anxiety, inconvenience, and loss of enjoyment of life;

4. Reinstatement or, alternatively, front pay and damages for lost benefits;

5. Punitive damages;

6. Attorneys' fees and expenses;

7. Prejudgment interest and, if applicable, post judgment interest; and

8. Such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted:

_____
Stephen W. Grace, (TN BPR No. 14867)
1019 16th Avenue, South
Nashville, Tennessee 37212
(615) 255-5225

_____
Kerry E. Knox (TN BPR No. 23302)
117 South Academy Street
Murfreesboro, Tennessee 37130
(615) 896-1000
Attorneys for Plaintiff

EEOC Form 161-B (11/09)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Leah Lynn L. Rio | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2013-01217 | Deborah K. Walker,<br>Supervisory Investigator | (615) 736-2109 |

NOTICE TO THE PERSON AGGRIEVED:    (See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Sarah L. Smith_     MAR 06 2014

Sarah L. Smith,
Area Office Director     (Date Mailed)

Enclosures(s)

cc:
Kelly Harries
Administrator
NHC HOMECARE
1923 Memorial Blvd.
Suite 200
Murfreesboro, TN 37129

Stephen W. Grace, Esq.
1019 16th Ave. S.
Nashville, TN 37212

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Leah Lynn L. Rio | From: | Nashville Area Office<br>220 Athens Way<br>Suite 350<br>Nashville, TN 37228 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2013-01387 | Deborah K. Walker,<br>Supervisory Investigator | (615) 736-2109 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Sarah L. Smith*      MAR 06 2014

Sarah L. Smith,      (Date Mailed)
Area Office Director

Enclosures(s)

cc:
Kelly Harries
Administrator
NHC HOMECARE
1923 Memorial Blvd.
Suite A
Murfreesboro, TN 37129

Stephen W. Grace, Esq.
1019 16th Ave. S.
Murfreesboro, TN 37212