# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LEAH LYNN RIO, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:14-0869 |
| v. ) | Judge Nixon/Brown |
| ) | Jury Demand |
| NHC/OP, L.P., ) | |
| ) | |
| Defendants ) | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.01 (d)(2), the following Initial Case Management Plan is **adopted.**

1. Jurisdiction: This Court has jurisdiction under 28 U.S.C. § 1331. Jurisdiction is not disputed.

2. Plaintiff's Theory of the Case: Plaintiff was employed by defendant as a physical therapist from June 2011 until June 4, 2013. During her employment, defendants maintained a hostile work environment and discriminated against plaintiff because of her race (Asian) and national origin (Filipino) with respect to the terms, conditions and privileges of employment, including by scheduling plaintiff to less-desirable assignments and shifts than similarly situated non-Asian or Filipino employees, improperly reprimanding her and constructively discharging her from her employment. When plaintiff complained to defendant about defendant's discriminatory treatment of her, defendant retaliated against plaintiff by improperly reprimanding her and constructively discharging her from her employment. Defendant's' actions were in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et*

*seq*. and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101, *et seq*. As a direct result of defendant's actions, plaintiff has suffered damages.

3. <u>Defendant's Theory of the Case</u>: Defendant denies all allegations in the Complaint and denies it discriminated against Plaintiff in any way. In February 2013, Plaintiff requested, and was granted, a transfer to work in Murfreesboro. The position she accepted was for weekend staffing. Defendant's case load increased in late March, 2013, and Plaintiff agreed to be on call for weekends for two additional months. Plaintiff was confused about the increased work load and the duties of her new position, and met with Defendant supervisory staff in both April and May 2013, to discuss her concerns. At the conclusion of these meetings, Plaintiff signed documents indicating her concerns were addressed to her satisfaction. On June 3, 2013, Plaintiff submitted a letter of resignation, effective June 18, 2013. Defendant paid her in lieu of notice, and released her on June 4, 2013. Plaintiff cannot prove she suffered any adverse employment action or that she was discriminated against in any way.

4. .<u>Identification of Issues</u>: The following issues have been resolved: service of process, jurisdiction, and venue. All other issues relating to liability and damages are in dispute.

5. <u>Need for Additional Claims</u>: At this time, the parties do not anticipate a need for any counterclaims, cross-claims, third-party claims, amended pleadings, joinder of parties or claims, or class certification, or the need for resolution of any issues arising from Rules 13-15, 17-21, or 23 of the Federal Rules of Civil Procedure. Plaintiff may seek to amend her Complaint in accordance with the Federal Rules of Civil Procedure, if appropriate, following some discovery. The deadline for filing motions to amend the pleadings is August 18, 2014.

6. <u>Rule 26(a)(1) Disclosures</u>**:** The parties shall make their Rule 26(a)(1) disclosures within 30 days from the date of the initial case management conference.

7. <u>Other Pretrial Discovery Matters</u>: All fact discovery shall be completed by the close of business on **November 21, 2014**. All written discovery shall be submitted in sufficient time so that the response may be submitted by the discovery cutoff date. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the Magistrate Judge.

8. <u>Expert Witnesses</u>**:**

(a) Plaintiff shall identify her expert witnesses and provide defendant (<u>not</u> file with the Court) all of the information specified in Rule 26(a)(2)(B) by **September 19, 2014**.

(b) Defendant shall identify its expert witnesses and provide plaintiff (<u>not</u> file with the Court) all of the information specified in Rule 26(a)(2)(B) by **October 17, 2014**.

(c) All supplements to expert reports shall be served by **October 31, 2014**.

(d) The deadline for completion of expert discovery is **November 21, 2014**.

(e) All motions related to expert discovery shall be filed by **November 7, 2014**.

9. <u>Dispositive Motion Deadlines</u>**:**

Dispositive motions shall be filed on or before **January 16, 2015**. Responses to dispositive motions shall be filed by **February 14, 2015**, or within **28 days** after service. Optional replies shall be filed by **February 28, 2015**, or within **14 days** after service of the response. Motion and Response memoranda are limited to **25 pages** and the reply, if a reply is filed, is limited to **five pages**, absent Court permission for longer pleading. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

11. <u>Alternative Dispute Resolution</u>

The parties agree that discovery is necessary before any decision is made regarding alternate dispute resolution. The parties will notify the Court if they wish to avail themselves of the Court's Alternate Dispute Resolution program.

10. <u>Subsequent case management conference</u>

A telephone conference with Magistrate Judge Brown to discuss case progress and alternative dispute resolution is set for **September 25, 2014, at 11:30 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.** A joint statement of any unresolved issues must be submitted one full business day prior to the conference call.

13. <u>Trial Date and Length</u>**:**

The parties estimate that this jury trial will take three days, depending on what issues remain for trial. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **August 25, 2015**, **at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **August 14, 2015, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED**.

   /s/   Joe B. Brown
Joe B. Brown
United States Magistrate Judge